# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **ZENA RAYFORD,** ) | |
| ) | |
| Plaintiff, ) | Case No. 08-2144 |
| ) | |
| v. ) | |
| ) | |
| **THE STANDARD INSURANCE COMPANY,** ) | |
| ) | |
| Defendant. ) | |

---

**ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

---

Before the Court are Cross Motions for Summary Judgment filed by Plaintiff Zena Rayford and Defendant Standard Insurance Company ("Standard Insurance"). (See Dkt. Nos. 28, 32.) Standard Insurance has also filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction that will ripen if the Court grants its Motion for Summary Judgment. (See Defendant's Memorandum in Support of Its Motion for Summary Judgment at 5-6) ("Def.'s Memo"); see also Fed. R. Civ. P. 12(b)(1). Because the Plaintiff now concedes that the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., does not apply to her claim and Plaintiff cannot meet the amount-in-controversy requirement for diversity jurisdiction, the Court GRANTS the Defendant's Motion for Summary Judgment and DISMISSES Plaintiff's suit for lack of subject matter jurisdiction.

## I. SUMMARY JUDGMENT IS APPROPRIATE ON ERISA CLAIM

Rayford filed suit against Standard Insurance on February 29, 2008, alleging that Standard Insurance wrongfully denied her application for long-term disability benefits. (Compl. ¶¶ 9-12.) Rayford asserted that her claim arose under ERISA. (Id. ¶ 4 (citing ERISA § 502(a)).) However, Rayford now concedes that her claim cannot arise under ERISA because she is an employee of the Shelby County Government, and ERISA specifically exempts "governmental plans." (Plaintiff's Response to Defendant's Motion for Summary Judgment, Dkt. No. 38, at 2) ("Pl.'s Resp."); see also 29 U.S.C. § 1003(b)(1).

ERISA defines a governmental plan as "a plan established or maintained for its employees by the Government of the United States [or] by the government of any State or political subdivision thereof . . . ." 29 U.S.C. § 1002(32) (emphasis added). Counties are "political subdivisions of the State within in the meaning of section 3(32) of ERISA." Weiner v. Klais & Co., 108 F.3d 86, 90 (6th Cir. 1997). Because Shelby County's disability insurance plan is exempted from ERISA's ambit by the statute's plain language, the Court GRANTS Standard Insurance's Motion for Summary Judgment on Rayford's ERISA claim. See Cincom Sys. v. Novelis Corp., 581 F.3d 431, 435 (6th Cir. 2009) (Where "only issues of law remain, [a] case is especially suited for summary disposition.").

2

## II. THIS COURT LACKS JURISDICTION

Because claims involving governmental plans do not fall under ERISA, the Court does not have federal question jurisdiction. See Weiner, 108 F.3d at 90. Rayford alleges an additional source of jurisdiction for the Court to adjudicate her coverage dispute: diversity. See 28 U.S.C. § 1332(a). To come within the Court's diversity jurisdiction, 1) no plaintiff may be a citizen of the same state as any defendant; and 2) the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a)(1); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806) (establishing the requirement of complete diversity). Rayford is a citizen of Tennessee, and Defendant is a "foreign corporation" whose principal place of business is Oregon. (Compl. ¶¶ 1-2.) The suit meets the statute's requirement of complete diversity. Standard Insurance asserts, however, that Rayford cannot meet the amount-in-controversy requirement, thus depriving the Court of jurisdiction. (Def.'s Memo at 5-6.)

When considering an objection to jurisdiction based on the amount in controversy, a court should consider the amount alleged in the complaint and "should not dismiss a complaint for lack of subject matter jurisdiction 'unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount.'" Mass. Cas. Ins. Co. v. Harmon, 88

3

F.3d 415, 416 (6th Cir. 1996) (quoting Klepper v. First Am. Bank, 916 F.2d 337, 340 (6th Cir. 1990)). Rayford's Complaint alleges that the amount in controversy "exceeds one hundred thousand dollars," easily meeting the $75,000 jurisdictional threshold. (Compl. ¶ 3.) However, Rayford acknowledges that her damages calculation includes money Standard Insurance may owe for "future benefits paid under the long-term part of her policy." (Pl.'s Resp. at 2.)

The Sixth Circuit follows the longstanding federal rule that, when calculating the amount in controversy for disability benefit provisions, a court may only consider potential future benefit payments when the validity of the policy is in question. Mass. Cas. Ins., 88 F.3d at 416. When the question is "the extent of the insurer's obligation with respect to disability benefits and not the validity of the policy," future benefit payments do not count toward the amount in controversy. See id. at 416-17 (citation omitted); Keck v. Fid. & Cas. Co., 359 F.2d 840, 841 (7th Cir. 1966) ("Future benefits payable under a contract of insurance may be used to compute the sum in controversy for jurisdictional purposes only when the validity of the insurance policy itself, and not merely the presence or absence of conditions measuring the insurer's liability thereunder, is the matter in dispute." (citations omitted)). Standard Insurance does not dispute the underlying validity of

4

Rayford's policy.  It only disputes whether Rayford meets the policy's criteria for receiving additional disability benefits. (See Answer and Affirmative Defenses to the Complaint, Dkt. No. 12, ¶ 5 (admitting that Rayford has a valid disability insurance policy issued by Standard Insurance).)  Therefore, the Court can only consider the amount of benefits that allegedly are currently due Rayford in calculating the amount in controversy. Weiner, 88 F.3d at 416-17; Brogan v. United States Specialty Ins. Co., 607 F. Supp. 2d 833, 835 (W.D. Ky. 2009).

The Complaint alleges that Standard Insurance paid Rayford's disability benefits through January 2005.  (Compl. ¶ 6.)  It is undisputed that the amount of the monthly disability benefit is $1,078.80.  (See Pl.'s Resp. at 2; Def.'s Memo at 2.) Even if the Court were to calculate the amount in controversy by taking into account all of the payments allegedly due from February 2005 until the present date of March 2010, Standard would owe Rayford only $66,885.60[1], $8,114.41[2] less that the jurisdictional requirement.[3]  Rayford, therefore, has failed to meet the requirements of diversity jurisdiction; and the court must DISMISS her Complaint.  Cf. Brogan, 607 F. Supp. 2d at 835 (remanding suit to state court).

---

[1] 62 months x $1,078.80 per month
[2] $75,000.01 – 66,885.60
[3] Looking to the date on which Rayford filed suit, only 37 months had elapsed. Thus, the actual amount in controversy on the date Rayford sought to invoke the Court's jurisdiction was only $39,915.60.  (37 months x $1,078.80 per month)

5

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's Motion for Summary Judgment on Plaintiff's ERISA claim and finds that it lacks subject matter jurisdiction because Plaintiff cannot meet the amount-in-controversy requirement for diversity jurisdiction. The Court, therefore, DISMISSES Plaintiff's suit.

So ordered this 10th day of March, 2010.


                    s/ Samuel H. Mays, Jr.
                    SAMUEL H. MAYS, JR.
                    UNITED STATES DISTRICT JUDGE