IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ZENA RAYFORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:11-cv-2637-STA-cgc |
| | ) | |
| v. | ) | Judge  S. Thomas Anderson |
| | ) | |
| THE STANDARD INSURANCE COMPANY, | ) ) | Magistrate Judge Charmiane G. Claxton |
| | ) | |
| Defendant. | ) | |

**STANDARD INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendant, Standard Insurance Company ("Standard"), by its attorneys, Warren von Schleicher and Jacqueline J. Herring of Smith, von Schleicher & Associates, submits its Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint:

**INTRODUCTION**

Zena Rayford ("Rayford") seeks payment of long-term disability benefits under a group long-term disability insurance policy ("Group Policy") issued by Standard to Rayford's former employer, the Shelby County Government.  Rayford obtained coverage under the Group Policy as a benefit of her employment with the Shelby County Sheriff's Department.  The Complaint alleges that Standard improperly denied long-term disability benefits to Rayford as of January 26, 2005.  More than six years later, on June 22, 2011, Rayford initiated this lawsuit in the Circuit Court for Shelby County, and Standard timely removed the action to this Court.

This case is a re-filing of *Rayford v. The Standard Ins. Co.*, Case No. 2:08-cv-02144-SHM-tmp, U.S. District Court, W.D. Tenn. (Judge Mays) ("*Rayford I*").  In *Rayford I*, Rayford sought to recover the same benefits she now seeks to recover under the same Group Policy, but

she asserted her claim under the legal theory of ERISA.[1]  On March 10, 2010, the District Court granted Standard's Motion for Summary Judgment and entered Judgment in favor of Standard on Rayford's claim for long-term disability benefits in *Rayford I*.

Rayford's current Complaint for long-term disability benefits is time barred and precluded by the doctrine of *res judicata*.  The Group Policy's provision for Time Limits on Legal Actions establishes a three-year contractual limitations period beyond which Rayford is barred from filing suit.  According to the allegations in the Complaint, Rayford's limitation period began to run no later than March 26, 2005, the date she was required to submit Proof of Loss to Standard for her claimed date of disability.  Rayford failed to commence this lawsuit until June 22, 2011, more than six years after her claim accrued.  The Group Policy's provision for Time Limits on Legal Actions bars Rayford's claim for long-term disability benefits under the Group Policy.  Moreover, under the doctrine of *res judicata*, the Judgment entered in favor of Standard in *Rayford I* precludes Rayford from re-litigating the same claim for long-term disability benefits against Standard.  Accordingly, Rayford's Complaint should be dismissed with prejudice for failure to state a cognizable claim pursuant to Fed. R. Civ. P. 12(b)(6).

### ARGUMENT

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will be granted if the Complaint shows on its face that relief is barred: "In such a situation the complaint is said to have a built-in defense and is essentially self-defeating." *Riverview Health Institute LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir.), *cert. denied*, 131 S.Ct. 220 (2010).  "[A] complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Superior Care Pharmacy*

---

[1] The Shelby County Group Policy is a governmental benefit plan which is exempt from ERISA regulations.

*Inc. v. Med. Shoppe Int'l., Inc.*, No. 2:10-cv-207, 2011 WL 597065, at *13 (S.D. Ohio Feb. 10, 2011) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). When the complaint fails to state a legally plausible claim, "this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* §1216, pp. 233-234 (3d ed. 2004)).

Tennessee law governs the limitations period applicable to Rayford's claim for breach of the Group Policy. In a diversity case, the forum state's choice-of-law rules apply. *Montgomery v. Wyeth*, 580 F.3d 455, 459 (6th Cir. 2009), *cert denied*, 130 S.Ct. 1896 (2010). Under Tennessee law, claims for breach of an insurance contract are governed by the law of the jurisdiction in which the contract was executed. *Wynne v. Stonebridge Life Ins. Co.*, 694 F.Supp.2d 871, 874 (W.D. Tenn. 2010) (citing *Vantage Tech., LLC v. Cross*, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999)). The Group Policy was issued in Tennessee. (Ex. A, Group Policy, pg. STND1283-00009).[2]

Federal law applies to the *res judicata* analysis because the Judgment in *Rayford I* was entered by a federal court. See *Johnson v. SunTrust Mortgage, Inc.*, No. 2:10-cv-02936-JPM-cgc, 2011 WL 805939, at *3 (W.D. Tenn. Mar. 2, 2011) ("When the prior judgment was issued by a federal court, federal law is used to determine the judgment's preclusive effect.") (citing *EB-Bran Prods. v. Warner*, 242 Fed.Appx. 311, 312 (6th Cir. 2007)).

---

[2] The Group Policy may be considered in conjunction with Standard's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) because the Group Policy forms the basis for Rayford's claim in the Complaint, is specifically referred to in the Complaint, and is integral to her claim. See *Commercial Money Ctr., Inc. v. Illinois Union Ins.*, 508 F.3d 327, 335-336 (6th Cir. 2007).

**I.     Rayford's Claim Under The Group Policy Is Time Barred.**

The Group Policy establishes a three-year "Time Limits On Legal Actions," beyond which Rayford is barred from filing suit.  (Ex. A, Group Policy, pg. STND1283-00027).  Under Tennessee law, an insurance contract provision "establishing an agreed limitations period within which suit may be filed against the company is valid and enforceable."  *Wynne*, 694 F.Supp.2d at 875 (quoting *Brick Church Transmission, Inc. v. S. Pilot Ins. Co.*, 140 S.W.3d 324, 329 (Tenn. Ct. App. 2003)).

The three year limitations period under the Group Policy begins on the earlier of the date Proof of Loss was actually received or the date Proof of Loss was required to be given.  (Ex. A, Group Policy, pg. STND1283-00027).  Proof Of Loss, Rayford's written proof of disability and entitlement to benefits, is required to be given 270 days after disability begins (90 days after the 180 day Benefit Waiting Period).  (Ex. A, Group Policy, pg. STND1283-00024-25, 00010).  The Complaint alleges that Rayford's disability began June 26, 2004.  (Ex. B, Complaint, ¶ 6).  Proof of Loss for Rayford's claimed June 26, 2004 date of disability was required by March 26, 2005.

The contractual limitations period for Rayford's claim expired three years later, on March 26, 2008.  Rayford failed to commence her legal action until June 22, 2011, more than six years after Proof of Loss was required, and more than three years after the Group Policy's limitations period expired.  In fact, the Complaint alleges that Standard "affirmed" the denial of Rayford's claim on administrative appeal on April 28, 2006.  (Ex. B, Complaint, ¶ 9).  Nearly two years remained in the limitations period after this appellate decision during which Rayford was permitted to file suit.  Yet Rayford failed to file her Complaint until more than five years *after* the alleged date of the denial of her administrative appeal.

Under the contractual terms of the Group Policy, Rayford had three years after Proof of Loss was required in which to commence a legal action. Rayford filed this lawsuit more than six years after her cause of action accrued, more than five years after the final determination of her claim on appeal, and more than three years after the contractual limitations period expired. Rayford's claim for long-term disability benefits under the Group Policy is time barred pursuant to the Group Policy's Time Limits on Legal Actions.

Accordingly, Rayford's Complaint should be dismissed with prejudice. See *Mullins v. Wellmont Health Sys.*, No. 2:04-CV-375, 2005 WL 3535155, at *3 (E.D. Tenn. Dec. 22, 2005) ("If the complaint itself reflects that the suit is filed outside the statute of limitations, then such constitutes an insurmountable bar to relief.") (internal quotation omitted); *Price ex rel. Price v. Minnesota Mut. Life Ins. Co.*, No. 3:10-cv-360, 2010 WL 5572076, at *5 (S.D. Ohio Dec. 21, 2010) ("This is the unusual situation where a plaintiff has pled (and therefore judicially admitted) facts which establish a defendant's complete defense. For that reason, the dismissal should be with prejudice.").

## II.     *Res Judicata* Precludes Rayford's Claim For Long-Term Disability Benefits.

In *Rayford I*, Rayford filed suit against Standard in the United States District Court for the Western District of Tennessee. Rayford sought payment of long-term disability benefits under the Group Policy, based on the legal theory of ERISA. (Ex. C, *Rayford I* Complaint). On March 10, 2010, the District Court granted Standard's Motion for Summary Judgment and entered Judgment in favor of Standard. *Rayford v. Standard Ins. Co.*, No. 08-2144, 2010 WL 890947 (W.D. Tenn. Mar. 10, 2010). (Ex. D, *Rayford I* Order; Ex. E, *Rayford I* Judgment).[3] More than one year later, on June 22, 2011, Rayford filed this virtually identical Complaint

---

[3] The court may take judicial notice of prior court proceedings in *Rayford I* for purposes of deciding a motion to dismiss under Rule 12(b)(6). *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir.), *cert. denied*, 131 S.Ct. 200 (2010).

5

against Standard, seeking payment of the same long-term disability benefits sought in *Rayford I*, but under a state law theory of breach of contract. (Ex. B, Complaint).

The doctrine of *res judicata* precludes Rayford's attempt to re-litigate the same claim for benefits against Standard. When "two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978) (citing *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 319-21 (1927)). See also *Hawkins v. General Motors Corp.*, No. 08-CV-10280, 2009 WL 596119, at *4 (E.D. Mich. Mar. 9, 2009) (*Res judicata* precludes a subsequent cause of action that involves "the same issues-namely, the denial of disability benefits."); *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011) ("Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations."). *Res judicata* precludes re-litigation of claims actually litigated as well as claims that could have been litigated in the prior action. *Hayes v. City of Memphis*, 108 Fed.Appx. 262, 264 (6th Cir. 2004).

The district court's entry of summary judgment on Rayford's claim for long-term disability benefits in *Rayford I* is a final judgment on the merits of Rayford's claim to benefits. See *White v. Mid-South Trans. Mgmt., Inc.*, No. 06-2281-STA-TMP, 2010 WL 2985709, at *4 (W.D. Tenn. July 26, 2010) ("The Sixth Circuit has held that a grant of summary judgment pursuant to Rule 56(c) constitutes a decision on the merits.") (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)); *Godley v. Ameritech Corp.*, 173 F.3d 855, 1999 WL 196567 (6th Cir. 1999) (holding a grant of summary judgment based on ERISA preemption is a final judgment for purposes of *res judicata*).

The Judgment entered in favor of Standard on Rayford's claim for long-term disability benefits in *Rayford I* precludes Rayford from seeking identical relief against Standard in her current Complaint. Accordingly, Rayford's Complaint should be dismissed with prejudice for failure to state a cognizable claim.

## CONCLUSION

Rayford's claim for long-term disability benefits under the Group Policy is time barred pursuant to the Group Policy's three-year Time Limits on Legal Actions. Moreover, the Judgment previously entered in favor of Standard and against Rayford on her claim for disability benefits precludes her from seeking the same relief in a subsequent lawsuit under a new legal theory. Rayford's Complaint should be dismissed with prejudice for failure to state a cognizable claim.

Respectfully submitted,

Warren von Schleicher (Ill. No. 6197189)  By: /s/ Jacqueline J. Herring
Jacqueline J. Herring (Ill. No. 6282246)        Attorney for Defendant,
SMITH | VON SCHLEICHER + ASSOCIATES          Standard Insurance Company
180 N. LaSalle St., Suite 3130
Chicago, Illinois 60601
P:  312-541-0300
F:  312-541-0933
warren.vonschleicher@svs-law.com
jackie.herring@svs-law.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 19, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John E. Dunlap
The Law Offices of John E. Dunlap, P.C.
1684 Poplar Avenue
Memphis, Tennessee 38104
jdunlap00@gmail.com

                 /s/ Jacqueline J. Herring
                 SMITH | VON SCHLEICHER + ASSOCIATES
                 180 N. LaSalle St., Suite 3130
                 Chicago, Illinois 60601
                 P:  312-541-0300
                 F:  312-541-0933
                 jackie.herring@svs-law.com
                 Ill. Bar No. 6282246