```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

```
ZENA RAYFORD,                      )
                                   )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )    No. 11-2637
                                   )
THE STANDARD INSURANCE             )
COMPANY,                           )
                                   )
                                   )
                                   )
     Defendant.                    )
```

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Zena Rayford ("Rayford") brings this action against Defendant Standard Insurance Company ("Standard Insurance") for breach of an insurance contract. (Compl., ECF No. 1-4.)  On August 19, 2011, Standard Insurance filed a motion to dismiss.  (Standard Insurance Co.'s Mot. to Dismiss Pl.'s Compl., ECF No. 7.)  Rayford responded on November 1, 2011. (Pl.s' Resp to Def.'s Mot. to Dismiss, ECF No. 12 ("Resp.").) Standard Insurance replied on November 15, 2011.  (Standard Insurance Co.'s Reply in Support of its Mot. to Dismiss Pl.'s Compl., ECF No. 14 ("Reply").)  For the following reasons, the Court GRANTS Standard Insurance's Motion to Dismiss.

**I.   Background**

Rayford is a resident of Fulton County, Georgia. (Compl. ¶ 1.) Stanford Insurance is an Oregon corporation with its principal place of business in Oregon. (Id. ¶ 2.) On April 4, 1994, Rayford became a policyholder in a long-term disability policy (the "Insurance Policy") with Standard Insurance as part of her employment with the Shelby County government. (Id. ¶¶ 4-5.) Rayford alleges that she became disabled and eligible for benefits under the Insurance Policy on June 26, 2004. (Id. ¶ 5.) Standard Insurance paid benefits under the Insurance Policy's provisions for Short Term Disability Benefits from July 10, 2004, until January 26, 2005. (Id. ¶ 6.) Rayford filed a claim for Long Term Disability Benefits on January 26, 2005. (Resp. 1.) Her claim was denied, although she had been diagnosed with sleep apnea, coronary atherosclerosis, heart disease, neurocordiogenic syncope, pulmonary hypertension, hyperlipidema, chronic obstructive pulmonary disease, pulmonary fibrosis, spinal stenosis, scoliosis, and left knee pain. (Compl. ¶¶ 6-7.) Rayford appealed her denial on or about February 1, 2006, and Standard Insurance affirmed her denial on April 28, 2006. (Id. ¶ 9.) Rayford alleges she is eligible for Long Term Disability Benefits under the Insurance Policy and demands that Standard Insurance pay her the benefits she is owed. (Id. ¶¶ 10-11.)

Rayford initially filed suit in the Western District of Tennessee for violation of the Employee Retirement Income Security Act ("ERISA") on February 29, 2008. Rayford v. Standard Ins. Co., No. 08-2144, 2010 U.S. Dist. LEXIS 22333, at *1 (W.D. Tenn. March 10, 2010) ("Rayford I"). Judgment was entered in favor of Standard Insurance on March 10, 2010. The Court concluded that ERISA did not apply to Rayford's benefits plan because she was a government employee and her plan was exempt. Rayford I, 2010 U.S. Dist. LEXIS 22333, at *2; 29 U.S.C. § 1003(b)(1).

Rayford filed a new complaint in Tennessee Chancery Court on June 22, 2011. Zena Rayford v. Standard Ins. Co., No. CT-002954-11. Her case was removed to this Court on July 29, 2011, because the value of her benefits had increased.[1] (Notice of Removal, ECF No. 1.) Standard Insurance contends that the complaint should be dismissed because Rayford's claim is precluded by her previous action and because the time to bring suit has passed. (Standard Insurance Co.'s Mem. in Support of its Mot. to Dismiss Pl.'s Compl., ECF No. 8 ("Mem. to Dismiss").)

**II.  Jurisdiction and Choice of Law**

---

[1] At the time of Rayford I, Rayford's claim was worth $66,885.60. Rayford I, 2010 U.S. Dist. LEXIS 22333, at *6. At the time she filed her subsequent complaint, the total amount of past benefits was $84,146.40. (Notice of Removal.)

3

Rayford is a citizen of Georgia. (Compl. ¶ 1.) Standard Insurance is a corporation organized under the laws of Oregon with its principal place of business in Portland, Oregon. (Notice of Removal ¶ 6.) Rayford seeks at least $84,146.40 in damages. (Id. ¶ 7.) Jurisdiction is proper under 28 U.S.C. § 1332.

This is a diversity action. State, rather than federal, substantive law governs. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). A federal district court is required to apply the "choice of law" rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Max Arnold & Sons, LLC v. W.L. Haily & Co., 452 F.3d 494, 499 n.7 (6th Cir. 2005). "Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." Klaxon, 313 U.S. at 496.

For contract claims, Tennessee follows the rule of lex loci contractus, which provides that a contract is presumed to be governed by the law of the jurisdiction in which it was executed, absent a contrary intent. Vantage Tech., LLC v. Cross, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999) (citing Ohio Cas. Ins. Co. v. Travelers Indem. Co., 493 S.W.2d 465, 467 (Tenn. 1973)). The Insurance Policy was executed in Memphis,

Tennessee. (Insurance Policy 3, ECF No. 13-2.) Tennessee substantive law applies.

### III. Standard of Review

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief." League of United Latin American Citizens v. Bredesen, 2007 WL 2416474, at *2 (6th Cir. 2007) (citing Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006)).

This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). Plaintiff must provide the grounds for her entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." Bredesen, 2007 WL 2416474, at *2 (citing Twombly, 127 S.Ct. at 1965).

5

To state a valid claim, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." Id. (citing Twombly, 127 S. Ct. at 1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1397, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

As a general rule, matters outside the pleadings may not be considered when a court rules on a Rule 12(b)(6) motion to dismiss. J.P. Silverton Indus. L.P. v. Sohm, 243 Fed. App'x 82, 86-87 (6th Cir. 2007). However, "[d]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999); see also Borman v. Great Atl. & Pac. Tea Co., Inc., 64 F. App'x 524, 528 n. 3 (6th Cir. 2003)(quoting Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997)) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); Malaney v. AT&T Umbrella Benefit Plan No. 1, No. 2:10-cv-401, 2010 U.S. Dist. LEXIS 130029, at *6 (S.D. Ohio, Dec. 9, 2010) ("The court may also consider a document . . . which is referred to in the

6

complaint and is central to the plaintiff's claim."). The Insurance Policy was attached to Standard Insurance's Motion to Dismiss. It is central to Rayford's claim. It is part of the record the Court considers in ruling on the Motion to Dismiss.

**IV.  Analysis**

The time for Rayford to bring suit has passed. The Insurance Policy provides that "[n]o [] action may be brought more than three years after" the date Standard Insurance receives Proof of Loss. (Insurance Policy 19.) "Proof of Loss means written proof that you are disabled and entitled to [Long Term Disability] Benefits." (Insurance Policy 17.)

Whether Rayford's cause of action is extinguished depends on when the limitations period began to run. Standard Insurance argues that the Proof of Loss first occurred on July 26, 2004. (Mem. to Dismiss 4.) That, however, was the date Rayford contends she was initially injured and began receiving short-term benefits. (Compl. ¶ 6.) Proof of Loss, as defined in the Insurance Policy, does not date from the time Rayford began receiving short-term benefits. (Insurance Policy 17.) It is the date a party submits "written proof that [she is] disabled and entitled to LTD Benefits." (Id.) Rayford did not apply for Long Term Disability Benefits until January 26, 2005, the date she submitted a Proof of Loss. (Resp. 1); (Insurance Policy 17.)

Rayford contends that her case is governed by the six-year statute of limitations at Tenn. Code Ann. § 28-3-109(a)(3). (Resp. 1.) Tennessee does provide a six-year limitation on suits for breach of contract, but only when a contract does not "otherwise expressly provide[] for" a different period. Tenn. Code Ann. §28-3-109(a)(3). "Under Tennessee law, 'an insurance provision establishing an agreed limitations period within which suit may be filed against a company is valid and enforceable.'" Burton v. Nationwide Ins. Co., No. 07-CV-129, 2007 U.S. Dist. LEXIS 82501, at *6 (E.D. Tenn. Nov. 6, 2007) (quoting Brick Church Transmission, Inc. v. S. Pilot Ins. Co., 140 S.W.3d 324, 329 (Tenn. Ct. App. 2003)); accord Certain Underwriters at Lloyd's of London v. Transcarriers, Inc., 107 S.W.3d 496, 499 (Tenn. Ct. App. 2002). Here, the Insurance Policy expressly provides for a three-year limitation period, and the Insurance Policy controls.

Three years after October January 26, 2005, was January 26, 2008. Rayford filed her first action on February 29, 2008.[2] Rayford I, 2010 U.S. Dist. LEXIS 22333, at *2. Her claim was dismissed on March 10, 2010. Id. Tennessee's savings statute allows a party whose suit is dismissed for lack of jurisdiction in federal court to refile in state court, but she must do so

---

[2] Standard Insurance did not raise a limitation defense to Rayford's ERISA claim in Rayford I.

8

within one year from the date of dismissal. Tenn. Code Ann. § 28-1-115. Rayford I was dismissed on March 10, 2010. Rayford's current suit was not brought until June 22, 2011. (Compl.) That is outside the contractually created limitation period and outside the savings statute. The Court need not reach the issue of claim preclusion. Rayford's suit must be DISMISSED.

**V.   Conclusion**

Rayford's claim is barred by the contractual limitation period. Standard Insurance's Motion to Dismiss is GRANTED.

So ordered this 31st day of January, 2012.

/s Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE